TAGGED OPINION
(Do not publish)



**ORDERED in the Southern District of Florida on August 27, 2010.**

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTERN DISTRICT OF FLORIDA

IN RE:                                                          CASE NO. 08-15793-BKC-LMI

SOLAR COSMETIC LABS, INC., et al.,                              Chapter 11
                                                                (Jointly Administered)

        Debtor.
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SETTLEMENT AND ENTRY OF BAR ORDER

This matter came before the Court for hearing on June 28, 2010, at 10:00 a.m. upon the *Trustee's Motion to Approve Compromise and Settlement and for Entry of Bar Order* (the "Motion") (DE #1145) filed on June 2, 2010. Having considered the Motion, the Limited Objection filed by CRG Partners LLC, Stephen S. Gray and Eric Danner (DE #1159), the Supplement to the Limited Objection filed by CRG Partners LLC, Stephen S. Gray, and Eric Danner (the "Supplement") (DE #1171), the Opposition Objection to the Supplement filed by XL Specialty Insurance Co. (DE #1181), the Response to the Supplement filed by the Trustee (DE #1182), argument, proffers, and stipulation of counsel, and various motions and orders in

the court file relating to the settlement and bar order, and for the reasons stated below, the Court grants the Motion.

The Trustee seeks approval of a settlement agreement between himself as the Plan Trustee of the Solar Creditor Liquidating Trust; RSUI Indemnity Company and RSUI Group, Inc. (together, "RSUI") and XL Specialty Insurance Company ("XL") (collectively, the "Insurers"); and Jaime Dornbusch, Robert Hanks, and Michael Pappas (collectively, the "D&O Defendants") (DE #1145). On May 28, 2010, the parties entered into the proposed settlement agreement to fully and completely satisfy any and all claims among the parties in connection with claims that were asserted or could have been asserted in a civil action brought by the Trustee in the Circuit Court of the Eleventh Judicial Circuit of Miami-Dade County, Florida (the "D&O Litigation").[1] The Settlement Agreement provides the Insurers will pay the Trustee, on behalf of the D&O Defendants, a total sum of Three Million Five-Hundred Thousand Dollars ($3,500,000.00). The parties also agree to mutually release each other from the claims described under the proposed agreement. The Settlement Agreement also provides the Trustee shall release claims against the D&O Defendants and any other director, officer, or employee of Solar Cosmetic Labs, Inc. ("Solar") and any former affiliates. Such releases include a release by the Trustee of claims against Mr. Stephen Gray ("Gray"), a former director of Solar, and Mr. Eric Danner ("Danner"), a former officer of Solar, for any acts they committed in their capacities as director, officer or employee of Solar, but does not include a release of any claims for any of their acts as agents or principals of CRG Partners Group LLC ("CRG"). Gray and Danner are each apparently principals of, and employed by, CRG, and previously, its predecessor TRG, Inc.

---

[1] The Trustee commenced a civil action, styled *Yale Scott Bogan [sic], as Plan Trustee for the Estate of Solar Cosmetic Labs, Inc. v. Jaime Dornbusch; Michael Pappas, and Robert Hanks,* Case No. 10-17914 CA (the "D&O Litigation"), against the D&O Defendants for various claims, including breach of fiduciary duties, constructive fraud, negligence, aiding and abetting breach of fiduciary duties, conspiracy and avoidance of fraudulent transfers.

("TRG"). Prepetition, the Debtor contracted with TRG to have Gray and Danner come in to assume the positions of director and Chief Financial Officer, respectively, of Solar. The Settlement Agreement specifically does not provide any release in favor of CRG, and, in fact on May 5, 2010, the Trustee filed a complaint against CRG (the "CRG" Complaint), in which the Trustee seeks avoidance of fraudulent transfers pursuant to 11 U.S.C. §548(a)(1), relating primarily, if not solely, to alleged deficient performances by Danner and Gray as director and officer.

The Settlement Agreement also requires the entry of a bar order (the "Bar Order") that will bar all the former officers and directors, and other identified persons and entities, including all of Solar's investors and creditors who filed proofs of claim, and including CRG (collectively, the "Barred Persons"), from prosecuting any claims based upon, relating to, or arising out of the D&O Litigation or any of the facts and circumstances at issue in the D&O Litigation against any of the D&O Defendants, or any other director, officer or employee of Solar, or the Insurers (collectively, the "Bar Order Beneficiaries"). The Settlement additionally bars the D&O Defendants and Insurers from prosecuting claims against any of the Barred Persons based upon, relating to, or arising out of the D&O Litigation or any of the facts and circumstances at issue in the D&O Litigation. The Settlement Agreement also provides a mechanism for any Barred Person sued by the Trustee to assert a reduction or set off of liability for any conduct by any of the Bar Order Beneficiaries that the Barred Person successfully proves it has the right to assert (the "Setoff Formula").

CRG, Gray and Danner filed a limited objection to the Motion (DE #1159) arguing that their ability to seek recompense for alleged wrongs raised by the Trustee in his suit against CRG is inappropriately compromised by the Settlement Agreement. The only resolution, they argue,

is to include Gray, Danner and CRG within the protections of the release and Bar Order for all purposes. At the June 28, 2010 hearing, the Trustee agreed to a comprehensive covenant not to sue either Danner or Gray, both personally and in their capacities as officer and director, respectively, of Solar. As a result, Danner and Gray withdrew their objections to the Settlement Agreement.

To approve the Settlement Agreement, this Court must determine whether the settlement is fair and equitable by considering:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re Justice Oaks II, Ltd.,* 898 F.2d 1544, 1549 (11th Cir.), *cert. denied,* 498 U.S. 959 (1990).

As the proposed Settlement Agreement also includes the Bar Order, this Court must further determine whether the entry of the proposed Bar Order is appropriate. In order to approve the proposed Bar Order with respect to CRG, a non-settling Defendant, the Court must first determine whether the Bar Order was integral to the Settlement Agreement and then determine whether the Bar Order is fair and equitable. *Munford v. Munford Inc., (In re Munford)*, 97 F.3d 449 (11th Cir. 1996). "In making such a determination, courts consider the interrelatedness of the claims that the bar order precludes, the likelihood of nonsettling defendants to prevail on the barred claim, the complexity of the litigation, and the likelihood of depletion of the resources of the settling defendants." *Id* at 455.

At the June 28, 2010 hearing, CRG argued that it was not disputing that the proposed settlement was fair and equitable in general, and, in fact, conceded that the Settlement Agreement, and the Trustee's proffer in support of approval, meet the *Justice Oaks* requirements.

4

CRG also did not challenge the integral nature of the Bar Order to the Settlement Agreement. Indeed, CRG conceded that the Insurers would not have entered into the Settlement Agreement but for the Bar Order. CRG, nevertheless, argues that the Bar Order cannot be applied to it because it has rights against the Insurers and that the Trustee did not meet its burden to show the Bar Order would be fair and equitable as applied to CRG's rights against the Insurers.

CRG argued at the hearing that, although not a named insured under the D&O policies, it nonetheless has the right to bring a bad faith claim against the Insurers. The Trustee and Insurers disputed CRG's contention. As a result, at the hearing, and by written order (DE #1174), this Court directed CRG to file a memorandum articulating its arguments regarding (a) the legal and factual basis for any bad faith claim it may have against the Insurers; and (b) why, assuming CRG has a bad faith claim, it is nonetheless not fair and equitable for such claim to be barred under the criteria of *In re Munford*.

CRG filed its Supplement to Limited Objection by CRG Partners LLC, Stephen S. Gray and Eric Danner to Trustee's Motion to Approve Compromise and Settlement and for Entry of Bar Order (DE #1171). The Supplement first resurrected Gray and Danner's objections, now raising issues regarding Gray and Danner's right to sue the Insurer for bad faith. Setting aside for a moment that Gray and Danner withdrew their objection to the Settlement Agreement at the June 28 hearing, Gray and Danner have received the benefits of the Settlement Agreement through the releases, the Bar Order and by virtue of the Trustee's covenant not to sue.[2]

Gray and Danner also argue that litigation against CRG "imposes on both Gray and Danner, as financial stakeholders in CRG and as the principal witnesses, much if not all of the same hardships that would have accompanied a suit directly against Gray and Danner."

---

[2] While I note Gray and Danner's argument that a covenant not to sue is not the same as a full release, for the purposes of the Settlement Agreement the practical effect is the same.

5

Supplement to Limited Objection at p. 5.  However, Gray and Danner have failed to cite to any authority that holds that individuals who are insured under a policy in one capacity somehow have rights against the insurance company arising from a non-insured capacity, or that somehow those rights (assuming that such rights did exist) could be transmitted to a non-insured corporate entity.[3]

CRG then reiterates its argument that the Court does not have the authority to impair its rights against the Insurers.  CRG has failed to demonstrate that it has any rights against the Insurers that can be impaired.  Notwithstanding this Court's express direction to CRG to present any support that CRG has a claim against the Insurers for bad faith, CRG failed to cite to any authority whatsoever.  Thus, this Court finds, there being no claim that CRG could raise, the fact that any such attempt to raise the claim is barred is of no moment.  In addition to trying to resurrect the Gray and Danner objections, CRG argues it may have some claim against the Insurers based on the possibility that maybe the Insurers played some role in Solar's failure to name CRG (or its predecessor TRG) as a named insured under the D&O Policy.  The Court need not reach the issue of the likelihood of CRG's success against the Insurers on such a claim because CRG has provided no plausible basis to suggest that any such claim exists.  *Accord Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).*

As far as any suggestion made by CRG that this Court does not have jurisdiction or authority over any alleged disputes between CRG and the Insurers, one need go no further than

---

[3] The cases cited in the Supplement do not support Gray and Danner's arguments.  For example, in *In re Sportstuff*, 2010 WL 2196258 (B.A.P. 8th Cir. June 3, 2010), the bankruptcy appellate panel reversed a bankruptcy court's approval of a bar order because a) the parties objecting to the bar order were express insureds under the insurance policy in question and b) those insured parties were not going to be protected by the bar order even though the settlement at issue used up all the insurance proceeds that would otherwise be used for their benefit.  That is not the case here – all insureds, including Gray and Danner, are protected.

6

*Miller v. Kemira, Inc.* (*In re Lemco Gypsum, Inc*.), 910 F.2d 784 (11th Cir. 1990), for confirmation of this Court's jurisdiction.

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding would conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not be against the debtor or against the debtor's property.

*Id.* at 788. The Eleventh Circuit in *In re Munford* cited to *Lemco Gypsum* in its holding that a court has authority to impose and enforce a bar order on a non-settling defendant.

This Court accordingly finds that the proposed Settlement Agreement satisfies the *Justice Oaks* test and is thus fair and equitable. Moreover, this Court finds that the Bar Order, an integral element of the proposed settlement, is fair and equitable, and thereby satisfies the *Munford* criteria. Therefore, it is --

ORDERED:

1. The Motion to Approve Compromise and Settlement and for Entry of Bar Order is GRANTED.

###

Copies furnished to:
Robert B. Miller, Esq.

*Attorney Miller shall serve a conformed copy of this order upon all parties in interest and file a Certificate of Service with the Clerk of Court.*

7